UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHAUN DALE COX,

                Petitioner,

v.                                       CASE NO. 08-15125
                                       HONORABLE MARIANNE O. BATTANI

HUGH WOLFENBARGER,

                Respondent.
_____/

### ORDER DISMISSING THE HABEAS CORPUS PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Shaun Dale Cox has filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The habeas petition challenges Petitioner's Wayne County conviction for fleeing and eluding a police officer.  Petitioner states that he was sentenced on May 25, 2004, to imprisonment for one and a half to ten years, and he concedes that he did not appeal his conviction, nor pursue state collateral remedies under subchapter 6.500 of the Michigan Court Rules.  Although state prisoners generally are required to exhaust state remedies for their claims, 28 U.S.C. § 2254(b)(1), Petitioner's claim is patently frivolous and possibly barred from review by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d). Consequently, the Court will proceed to address the substantive merits of his claim.

Petitioner alleges that the prosecuting attorney, defense attorney, and judges in his state criminal case were not registered to practice law or to do business in the State of Michigan and, therefore, his conviction is void.  Petitioner further alleges that state attorneys and judges are agents for a foreign country and are required by  22 U.S.C. § 611, *et seq*., to register with the

United States Attorney General.  He asserts that none of the attorneys and judges involved in his

case (Richard P. Hathaway, Edward Ewell, Leonard Townsend, and Kym L. Worthy) are

properly registered with the United States Attorney General.

> Petitioner's claim lacks merit because his
>
> account of legal licensure in Michigan is patently false.  "License to practice law,
> the continuation of such license, regulation of the practice and the procedure for
> disbarment and discipline are all matters that are within the province of an
> individual state."  *Saier v. State Bar of Michigan,* 293 F.2d 756, 759 (6th Cir.
> 1961).  The Michigan Revised Judicature Act, Mich. Comp. Laws §§ 600.901-
> 949, governs "the creation of the office of attorney, the regulation and control of
> the practice of law, [and] the procedure of disbarment" in Michigan. *Id.*

*Trump v. United States v. United States Attorney General*, No. 1:08-CV-23, 2008 WL 696437, at

*1 (W.D. Mich. Mar. 12, 2008) (unpublished).  The alleged violations of state law are not a basis

for habeas corpus relief.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  "In conducting habeas

review, a federal court is limited to deciding whether a conviction violated the Constitution,

laws, or treaties of the United States."  *Estelle v. McGuire,* 502 U.S. 62, 68 (1991).

Petitioner's reliance on federal statutes also is misplaced, because the attorneys and

judges involved in his criminal case are licensed to practice law in Michigan, and none of them

is a "foreign principal" or an "agent of a foreign principal" as defined in 22 U.S.C. § 611.

Furthermore, the State of Michigan is not a foreign principal or an agent of a foreign principal

within the meaning of § 611 (b) and (c).  *Trump*, 2008 WL 696437, at *1 n.2.

Petitioner has failed to show that he is in custody "in violation of the Constitution or laws

or treaties of the United States."  28 U.S.C. § 2254(a).  Accordingly, the petition for writ of

habeas corpus is summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254

Cases in the United States District Courts.  The Court declines to issue a certificate of

appealability or leave to proceed *in forma pauperis* because reasonable jurists would not disagree with the Court's resolution of Petitioner's claims, and the issues do not warrant encouragement to proceed further.  *Banks v. Dretke*, 540 U.S. 668, 674 (2004).

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: 1/13/09